Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRETT WAGGONER, an Individual,<br><br>           Plaintiff,<br><br>vs.<br><br>NYE COUNTY; CHRIS ARABIA, in his individual and official capacity; an LEO BLUNDO, in his individual and official capacity,<br><br>           Defendants. | CASE NO. 2:21-cv-01312-APG-EJY<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT<br>2. HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT<br>3. RETALIATION IN VIOLATION OF THE TITLE VII OF THE CIVIL RIGHTS ACT<br>4. VIOLATION OF 42 U.S.C. §1983 EQUAL PROTECTION<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>6. DEFAMATION<br><br>JURY DEMAND |

Plaintiff BRETT WAGGONER ("Plaintiff" or "Waggoner") alleges as follows:

1.      This action is brought pursuant Title VII of the Civil Rights Act of 1964, *42 USC*

*§2000e*, et seq. (hereinafter "Title VII"), 42 U.S.C. §1983 Equal Protection and various state laws.

2.      Jurisdiction is predicated on the code sections referenced above, as well as 28 U.S.C. § 1331, as this action involves a federal question.  The court has supplemental jurisdiction over the state law claims.

3.      The events or omissions giving rise to Plaintiff's claims occurred in this judicial district; thus, venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice so require.

4.      At all relevant times, NYE COUNTY ("Defendant Nye County"), employed fifteen (15) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the Title VII.

## PARTIES

5.      Plaintiff, Waggoner, is a citizen of the United States and a resident of the State of Nevada, County of Nye and Town of Pahrump.

6.      Defendant Nye County is a county organized under the laws of the State of Nevada.

7.      Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Pahrump, Nevada by Defendant Nye County.

8.      Defendant is an employer within the meaning of *42 USC §2000e(b)*.

9.      Defendant Chris Arabia ("Defendant Arabia") is a citizen of the United States and a resident of the State of Nevada, County of Nye and Town of Pahrump.

10.     Leo Blundo ("Defendant Blundo") is a citizen of the United States and a resident of the State of Nevada, County of Nye and Town of Pahrump.

11.     Defendant Arabia is the current District Attorney for Defendant Nye County.

12.     Defendant Blundo is a current Nye County Commissioner.

## EXHAUSTION OF REMEDIES

13.     Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission (hereinafter "EEOC") and Nevada Equal Rights Association (hereinafter

"NERC") against Defendant Nye County and he has received a Notice of Right to Sue from the U.S. Department of Justice Civil Rights Division on this charge on April 13, 2021.  A copy of this Notice is attached to the Complaint as Exhibit "A".

## **GENERAL ALLEGATIONS**

14.     Waggoner has worked for Defendant Nye County from November 27, 2017 through the present as the Director of Planning.

15.     Defendant Blundo took office as a Nye County Commissioner on or about January 7, 2019.

16.     Defendant Arabia took office as Nye County DA on or about January 7, 2019.

17.     Upon information and belief, Defendant Blundo and Defendant Arabia have a close personal relationship.

18.     Upon information and belief, Defendant Blundo has targeted Plaintiff, a homosexual male, because of Plaintiff's sexual orientation.

19.     Upon information and belief, Defendant Blundo has made numerous negative comments regarding Plaintiff's sexuality.

20.     Upon information and belief, Defendant Arabia has targeted Plaintiff, a homosexual male, because of Plaintiff's sexual orientation.

21.     Upon information and belief, Defendant Arabia has made numerous negative comments degrading Plaintiff's sexuality.

22.     Upon information and belief, Defendants Arabia and Blundo have targeted Plaintiff because of his connection to Ronni Boskovich and Ron Boskovich.

23.     Ron Boskovich, a homosexual male, is Plaintiff's former husband.

24.     Ron Boskovich and Waggoner were legally divorced on February 15, 2018.  They have continued to live together for financial reasons but are no longer together on a sexual, marital or emotional basis.  They are still friends but no longer consider themselves "partners" or a couple.

25.     They are no different than a heterosexual couple that gets legally divorced and

continues to live together for financial reasons.

26. Ronni Boskovich is Ron Boskovich's daughter and Plaintiff's stepdaughter.

27. Ron Boskovich ran for Nye County Commissioner but lost to Defendant Blundo.

28. Defendant Arabia and Defendant Blundo have made numerous comments degrading Ron Boskovich's sexuality.

29. In or about April 2018, Defendant Blundo circulated via electronic mail the deed to Plaintiff's and Ron Boskovich's home in Pahrump to point out the fact that they were gay.

30. At the time Waggoner and Ron Boskovich were no longer legally married.

31. Upon information and belief, Defendant Blundo also posted the deed on social media.

32. Upon information and belief, Defendant Blundo was trying to use the fact that Plaintiff and Ron Boskovich were a gay couple as a tactic to turn Plaintiff's fellow County employees against him.

33. Upon information and belief, Defendant Blundo was trying to use the fact that Plaintiff and Ron Boskovich were a gay couple as a tactic to turn potential voters against Ron Boskovich who was running for office at the time.

34. Upon information and belief, there were several Nye County employees that were shown the deed to the home, believed to include Pam Webster, the former County Manager, John Koenig, former County Commissioner Chairman, Arnold Knightly, the current Nye County Public Information Officer, and Frank Carbone, then former, now current County Commissioner and then candidate for Justice of the Peace, as well as other individuals associated with Nye County and many members of the public via email and social media.

35. Defendant Arabia and Defendant Blundo have unjustifiably accused Ronni Boskovich, Ron Boskovich and Plaintiff of nepotism.

36. In approximately May 2018, Ron Boskovich was contacted by Angela Bello, current DA at that time, stating that Defendant Blundo was insisting to her that there is a nepotism

issue between Ronni Boskovich and Plaintiff, and insisted that Waggoner would either need to quit his job or need to be terminated. Bello researched the issue and concluded that there was no merit to Defendant Blundo's nepotism allegations.

37.     On or about June 4, 2018, Ron Boskovich received a call from the local newspaper "Pahrump Valley Times" reporter Robin Hebrock ("Hebrock") inquiring about Plaintiff and Ron Boskovich's marriage.

38.     Hebrock stated that she was going to run a story about their marriage and the alleged nepotism.

39.     Hebrock did not run the story after Ron Boskovich's statement he would file a lawsuit against the newspaper for defamation. At the time of the phone call, Plaintiff and Ron Boskovich were no longer married.

40.     It came to light, that Defendant Blundo had consistently pestered Hebrock to run the story and even went as far as to threaten her with a blast on social media of personal information about her if she did not run the story.

41.     During the first campaign, Defendant Blundo pushed the nepotism issue and claimed that if Ron Boskovich was elected, Plaintiff, Ron Boskovich and Ronni Boskovich would purportedly control Pahrump and form what he referred to as the "Trifecta of Evil."

42.     Upon information and belief, Defendant Arabia told Ron Boskovich that Defendant Blundo offered Defendant Arabia to campaign for him in return for Defendant Arabia firing Ronni Boskovich and helping him terminate Plaintiff's employment.

43.     More recently in his second campaign, Defendant Blundo during a County Commissioner Candidate debate that was held on 03/22/2022, on two separate occasions, falsely highlighted the fact that Ron Boskovich and Waggoner were married.

44.     Defendant Blundo also continues to include information about Waggoner's and Ron Boskovich's relationship in recent Facebook posts and campaign ads, claiming that Waggoner is still Ron Boskovich's husband or partner, even though that has not been the case

since February 2018.

45.     Since Defendant Blundo's appointment as Nye County Commissioner, Defendant Blundo began to openly target Plaintiff and Plaintiff's department about Waggoner improperly doing his job, among other things.

46.     For example, during a Board of County Commissioners ("BOCC") meeting held on 7/16/2019 Defendant Blundo accused Waggoner's department of selective enforcement on two separate items on the record.

47.     The first item was on an appeal filed by Area 51 fireworks who had filed an appeal on an RPC's decision.  The second item was on a marijuana facility that had let their special use permits and zone change expire.  Per Nye County Code they were required to apply to extend their special use permits prior to their expiration.  They did not make application until 28 days after their expiration therefore the Planning Department would not accept their applications.

48.     Defendant Blundo then appealed the RPC's decision to affirm Plaintiff's decision to not allow them to apply for the extension and require them to apply for new Special Use Permits.  During the inquiry Defendant Blundo also mentioned again that he believes there is selective enforcement on the record.

49.     Since the July 16, 2019 hearing, Defendant Blundo has taken every opportunity to attack Plaintiff during the BOCC meetings and accuse him of violations on the record.

50.     For example, during the BOCC meeting held on 12/17/2019 Waggoner had an item number 11 on the agenda for a proposed bill No. 2019-15.  During the discussion on this bill, Defendant Blundo accused Plaintiff of an open meeting law violation when there was no violation. Then after the meeting, Defendant Blundo again demanded that the county manager open an investigation on that claim.

51.     In addition Defendant Blundo has accused Waggoner on the record at BOCC meetings of making up his own policies and not following directions from the board.

52.     Defendant Blundo has also gone to Plaintiff's direct supervisor, Tim Sutton

("Sutton") and tried to intimidate him into placing negative information in Waggoner's employment file.  This was based on unfounded, fabricated accusations Defendant Blundo was making, accusing Plaintiff of wrong doings.

53.     For example on February 15, 2022 Defendant Blundo called Sutton complaining about Waggoner's tone during the prior days BOCC meeting.  This was not the first time that Defendant Blundo complained about Plaintiff's tone during a BOCC meeting.  When Sutton told Defendant Blundo that he didn't believe Waggoner's tone was unprofessional, Defendant got angry and threatened Sutton if he didn't have a talk with Plaintiff about it.

54.     Further on information and belief Defendant Blundo had a cohort of his, County Manager John Shewalter, write an email to Sutton the next day which predictably took Defendant Blundo's side in the dispute and requested Sutton to counsel Waggoner on what Shewalter said was Plaintiff's unprofessional behavior.

55.     Finally on 1/13/2020 Commissioner Donna Cox and Tina Trenner where eating lunch at Johnny's Mexican restaurant in Pahrump.  While they were sitting there enjoying their lunch, Defendant Blundo walked into the restaurant and sat down at their table.

56.     Defendant Blundo then proceeded to tell Cox that he was very upset because he had thought that he should have been nominated to be the chairman of the BOCC at the 1/7/2020 meeting but that Commissioner Strickland refused to nominate him.

57.     Defendant Blundo said that because Debra and John are tight she wouldn't nominate him because all that John is interested in is protecting Brett Waggoner's job.  Defendant Blundo then went onto say that he sick of John Koenig and Tim Sutton doing everything they can to protect Brett Waggoner and his position with Nye County.

58.     Upon information and belief, Defendant Blundo has made unfounded and fabricated accusations against Plaintiff for alleged wrong doings at Plaintiff's workplace and to members of the general public.

59.     For example, Defendant Blundo has tried to pit the public against Waggoner trying

7

to lobby them into a smear campaign and analyzing the work that Waggoner does by trying to convince the public that Plaintiff shows favoritism to certain applicants. Most recently Defendant Blundo has done this with Paris Balaouras who is with MJ Holdings/Distribution and a current applicant for marijuana grow and production facility in Amargosa.

60.     Waggoner has been told that Defendant Blundo is trying to get Balaouras to conduct an investigation against Plaintiff and his work so that he can go to the BOCC and lobby them to order the County Manager to fire Waggoner for mistreating Amargosa and MJ Holdings/Distribution and not following procedures.

61.     Upon information and belief, Defendant Arabia has made unfounded and fabricated accusations against Plaintiff for alleged wrong doings at Plaintiff's workplace and to members of the general public.

62.     Since Defendant Arabia's appointment as the District Attorney for Nye County, Defendant Arabia also began to openly target Plaintiff and Plaintiff's department.

63.     For example, prior to Defendant Arabia taking office, all requests from Plaintiff's department to the DA's Office would have a turnaround time of approximately thirty (30) days.

64.     After Defendant Arabia took office, that turnaround time has turned into approximately nine (9) months.

65.     Such an unjustified delay has a direct negative effect on Plaintiff's ability to perform his duties and on his department to function effectively.

66.     In April of 2019 Waggoner reported his belief that he was being discriminated against by Defendant Blundo and Defendant Arabia on the basis of his sexual orientation to Human Resources Director Danelle Shamrell ("Ms. Shamrell"), however he was told that no actions could be taken against Defendant Blundo or Defendant Arabia due to the fact that they were elected officials.

67.     Ms. Shamrell encouraged Plaintiff to file an Ethics Complaint against both Defendant Blundo and Defendant Arabia, which Waggoner did.

68.     Plaintiff filed an Ethics Complaint with the Nevada Attorney General's Office against Defendant Arabia on or about March 22, 2019.  The AG's Office directed Plaintiff to the Nevada Commission on Ethics, and subsequently, Plaintiff filed two Ethics Complaints against Defendant Arabia with the Ethics Commission, on or about April 24, 2019 and on or about July 10, 2019.

69.     Plaintiff also filed an Ethics Complaint with the Nevada Attorney General's Office against Defendant Blundo on or about March 25, 2019.  The AG's Office directed Plaintiff to the Nevada Commission on Ethics, and subsequently, Plaintiff filed three Ethics Complaints against Defendant Blundo with the Ethics Commission on or about April 22, 2019, on or about July 2, 2019, and on or about December 31, 2019.

70.     On or about August 15, 2019, the Nevada Commission on Ethics issued two Orders on Jurisdiction and Investigation: one for Defendant Arabia and one for Defendant Blundo.

71.     Both Orders on Jurisdiction and Investigation state that "the Commission acknowledges that the evidence in the complaint supports allegations of certain retaliatory conduct."

72.     On or about August 21, 2019, the Nevada Commission on Ethics unanimously found and concluded regarding Defendant Arabia "that the facts do not establish credible evidence to support a determination that just and sufficient cause exists for the Commission to render an opinion on the alleged violations."

73.     However, the Panel unanimously found and concluded "that there is sufficient cause to issue a Confidential Letter of Caution in the matter to ensure proper separation between Arabia's role as a District Attorney and matters affecting his private interests."

74.     On or about August 21, 2019, the Nevada Commission on Ethics unanimously found and concluded regarding Defendant Blundo "that the facts do not establish credible evidence to support a determination that just and sufficient cause exists for the Commission to render an opinion on the alleged violations."

75.     However, the Panel unanimously found and concluded "that there is sufficient cause to issue a Confidential Letter of Caution in the matter to ensure proper separation between Blundo's role as a County Commissioner and matters affecting his private interests."

76.     After the complaints to Human Resources and Ethics Commission, Plaintiff has experienced retaliation at the hands of both Defendant Blundo and Defendant Arabia in their official capacities respectively as County Commissioner and District Attorney for Defendant Nye County.

77.     This included, but is not limited to, Defendant Blundo and Defendant Arabia causing an Ethics Complaints to be filed against Plaintiff with the Nevada Commission on Ethics on March 17, 2020 claiming, among other things, that (1) Waggoner did not properly disclose to his supervisor that he was trying to obtain a an interest in a brothel (which ultimately fell through), (2) that he owns an interest in a marijuana cultivation operation and (3) that Plaintiff attempted to extort money out of an investor by telling her that for a price he could use his influence with the County as its Director of Planning to guarantee her that she would get a license to operate a brothel.  All these allegations are blatantly false.

78.     Further on or about October 27, 2020, Plaintiff filed a Charge of Discrimination with NERC and the EEOC against Defendant Nye County which has led to further retaliation and harassment against Waggoner.

79.     Finally Defendant Nye County has continued to allow Defendants Arabia and Blundo to abuse their offices and positions until present, by allowing Defendants Blundo and Arabia to continue to disrupt and interfere with Plaintiff's employment by their discriminatory animus against homosexuals in general and Waggoner in particular.

## **FIRST CAUSE OF ACTION**

### **(For Sex/Gender Discrimination in Violation of Title VII)**

### **(Against Defendant Nye County)**

80.     Plaintiff Waggoner incorporates the allegations set forth in paragraphs 1 through

79, inclusive, as if fully set forth herein.

81. This cause of action is brought pursuant to Title VII to obtain relief for Plaintiff for discriminating against him in the terms, conditions or privileges of his employment because of his sex/gender (i.e. a homosexual male) in violation of Title VII.

82. As set forth herein above, Waggoner was singled out, and treated differently than similar situated males, by Defendants Blundo and Arabia in their official capacities respectively as a County Commissioner and District Attorney respectively for Defendant Nye County.

83. This included Defendants Arabia and Blundo targeting Plaintiff and making his job more difficult because of his sexual orientation and his relationships with his former husband Ron Boskovich and his stepdaughter Ronni Boskovich.

84. As set forth above, Defendant Blundo tried to use the fact that Plaintiff and Ron Boskovich were a gay couple (including distributing the deed to their home by email and social media) as a tactic to turn Plaintiff's fellow County employees against; has taken every opportunity to attack Waggoner during BOCC meetings, including claiming Plaintiff is improperly doing his job, violating open meeting laws, selectively enforcing the codes to target certain members of the public and businesses, making up his own policies, not following directions from the board; and has requested Plaintiff's direct supervisor Mr. Sutton place unfounded negative information in Waggoner's employment file.

85. As further set forth above, Defendant Arabia has caused unjustified delays in getting requested information from the DA's Office to Plaintiff's department which has a direct negative effect on Plaintiff's ability to perform his duties and on his department to function effectively.

86. As a direct, foreseeable, and legal result of this discrimination because of his sex/gender, Plaintiff has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

87.     As a further direct, foreseeable, and legal result of this discrimination because of his sex/gender, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience, and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

88.     In acting as they did, Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

89.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

90.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Hostile Environment Sexual Harassment in violation of Title VII)

### (Against Defendant Nye County)

91.     Plaintiff Waggoner incorporates the allegations set forth in paragraphs 1 through 90, inclusive, as if fully set forth herein.

92.     This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for "Hostile Environment" sexual harassment which is governed by Title VII.

93.     As previously set forth herein above, Plaintiff was and continues to be sexually harassed because he is a homosexual male by Defendants Blundo and Arabia which has and continues to create a "Hostile Environment" in the workplace for Waggoner.

94.     This includes Defendants Blundo and Arabia degrading and making numerous

negative comments regarding Plaintiff's sexuality and making unfounded and fabricated accusations against Waggoner for alleged wrong doings at Plaintiff's workplace and to members of the general public.  In addition Defendants Arabia and Blundo have taken every opportunity to make Plaintiff's job more difficult as set forth above.

95.     Further although Waggoner reported Defendants Arabia and Blundo's behavior to Human Resources Director Ms. Shamrell in April 2019, nothing was done by Defendant Nye County to address and/or correct Defendants Arabia and Blundo's behavior.

96.     As a direct, foreseeable, and legal result of this sexual harassment by Defendants Arabia and Blundo and the failure of Defendant Nye County to address and/or correct the situation appropriately, Plaintiff has suffered panic attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

97.     In acting as they did, Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

98.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

99.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

///

///

### THIRD CAUSE OF ACTION

#### (For Retaliation in Violation of Title VII)

#### (Against Defendant Nye County)

100.    Plaintiff Waggoner incorporates the allegations set forth in paragraphs 1 through 99, inclusive, as if fully set forth herein.

101.    This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for Retaliation in violation of Title VII.

102.    As set forth herein above, Plaintiff reported Defendants Arabia and Blundo's conduct in violation Title VII to Human Resources Director Ms. Shamrell, filed Ethics Complaints against Defendants Arabia and Blundo on Ms. Shamrell's advice and filed a Charge of Discrimination with the EEOC and NERC.

103.    This has resulted in continued retaliation by both Defendant Blundo and Defendant Arabia including them filing their own Ethics Complaint against Waggoner in their official capacities respectively as County Commissioner and District Attorney for Defendant Nye County.

104.    As a direct, foreseeable, and legal result of Defendant Nye County's Retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

105.    As a further direct, foreseeable, and legal result of Defendant Nye County's Retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

106.    In acting as they did, Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in

favor of Plaintiff, in a sum according to proof at trial.

107.    Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

108.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### (Violation of 42 U.S.C. §1983 Equal Protection)

### (Against Defendant Nye County and Defendant Blundo)

109.    Plaintiff Waggoner incorporates the allegations set forth in paragraphs 1 through 108, inclusive, as if fully set forth herein.

110.    This cause of action is brought pursuant to 42 U.S.C. §1983 to obtain relief for Plaintiff for violation of his right to equal protection of the laws of the United States.

111.    Defendant Blundo under color of law deprived Plaintiff of his right to equal protection of the laws as a homosexual male pursuant to 42 U.S.C. §1983 when he, *inter alia*:

   a.    Discriminated against and harassed Plaintiff because of his sexual orientation by circulating the deed to his home with Ron Boskovich via electronic mail and on social media, urging a reporter to run a story about his and Ron Boskovich's marriage and continuing to post on Facebook and in campaign ads that he and Ron Boskovich are married or partners.

   b.    Discriminated against, openly targeted and interfered with Plaintiff's employment with Nye County because of his sexual orientation by circulating the deed to his home with Ron Boskovich via electronic mail and on social media, urging a reporter to run a story about his and Ron Boskovich's marriage and continuing to post on Facebook and in campaign ads that he and Ron Boskovich are married or partners.

112.   Defendant Nye County under color of law deprived Plaintiff of his right to equal protection of the laws as a homosexual male pursuant to 42 U.S.C. §1983 when it, *inter alia*:

    a.   Discriminated against Plaintiff because of the sexual orientation by failing to address Waggoner's complaint of discrimination and harassment; by failing to redress the behavior of Defendant Blundo; and by knowingly allowing Defendant Blundo's abuse of power and position.

113.   As a direct, foreseeable, and legal result of this discrimination because of his equal protection under 42 U.S.C. §1983, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

114.   As a further direct, foreseeable, and legal result of this discrimination because of his equal protection under 42 U.S.C. §1983, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

115.   In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

116.   Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

117.   Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

///

# FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against Defendant Nye County, Defendant Arabia and Defendant Blundo)

118.    Plaintiff Waggoner incorporates the allegations set forth in paragraphs 1 through 117, inclusive, as if fully set forth herein.

119.    Defendant Arabia's and Defendant Blundo's actions outlined above and Nye County's actions by failing to do anything about Defendant Arabia's and Defendant Blundo's actions, as set forth above, constitutes extreme and outrageous conduct which was intended to cause severe emotional distress to Plaintiff.

120.    These actions include, degrading and making numerous negative comments regarding Plaintiff's sexuality; Defendant Blundo circulating via electronic mail and on social media, the deed to Plaintiff's and Ron Boskovich's home in Pahrump to point out the fact that they were gay; Defendant Blundo unjustifiably accusing Ronni Boskovich, Ron Boskovich and Plaintiff of nepotism; Defendant Blundo continuing to post on Facebook and in campaign ads that he and Ron Boskovich are married or partners; and Defendants Arabia and Blundo making false accusations of misconduct and unethical actions against Waggoner to the Nevada Commission on Ethics including failing to disclose an interest in a brothel, owning a marijuana cultivation operation when he didn't and that Plaintiff attempted to extort money out of an investor by assuring her that he could get her license to operate a brothel because he was Director of Planning for the County.

121.    Defendants Arabia, Blundo and Nye County's actions did in fact cause severe emotional distress to Plaintiff, including but not limited to, mental anguish, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

122.    Plaintiff has suffered from multiple panic attacks that he thought were heart attacks including pounding heart and chest pain, feelings of discomfort including air bubble in upper stomach and chest, digestion issues, sharp pain in back, pain in rectum which is a new symptom and happens frequently especially during periods of high stress, shortness of breath, hypervigilance, intrusive thoughts and racing thoughts, feelings of hopelessness and worthlessness, excessive fear and worry, crying spells, loss of appetite and low energy.

123.    Since Defendant Blundo took office on January 7, 2019 Waggoner has experienced tremendous anxiety while making presentations during the BOCC meeting in anticipation of the tense exchanges he has come to expect while interacting with Defendant Blundo on Planning or Code Compliance related items.

124.    Plaintiff has had trouble sleeping throughout the night and  Waggoner has experienced nightmares because of the threats on himself and those in his household have received from Defendant Blundo and "it is not uncommon for Plaintiff to dream of people showing up outside his window during the night".

125.    Plaintiff has had reoccurring nightmares of harm done by Defendant Blundo to Waggoner or those close to him or about losing his job.

126.    Waggoner has many days when he is depressed and anxious wondering if he should just leave Pahrump and the community he has lived in for 26 years.

127.    All this anxiety from Defendant Blundo's harassment has caused Waggoner to have a security system and cameras installed at his home.

128.    Finally Plaintiff is constantly nervous while out in public in Pahrump of getting attacked by a constituent because Defendant Blundo has made Waggoner's sexuality and his sexual orientation very well known in the community through social media posts (like the deed to his home) and personal comments during public events.

129.    To deal with the anxiety, mental anguish, emotional distress, depression, etc. that Waggoner has experienced as a result of the actions of Defendant Arabia and Defendant Blundo,

Plaintiff has sought and received treatment at Next Chapter Therapy in Pahrump for which he has been diagnosis with acute stress reaction, low self-esteem and adjustment disorder with anxiety due to Defendant Arabia's and Defendant Blundo's actions.

130.   Waggoner has had at least four counseling visits/treatments at Next Chapter Therapy and is in the process of going to another mental health care provider to continue his treatment because Next Chapter Therapy has declined to treat Plaintiff further and he is still experiencing anxiety, mental anguish, emotional distress, depression, etc. as a result of the actions of Defendant Arabia and Defendant Blundo.

131.   In acting as they did, Defendant Arabia, Defendant Blundo and Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Defendant Arabia's, Defendant Blundo's and Defendant Nye County's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

132.   Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

133.   Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

<u>**SIXTH CAUSE OF ACTION**</u>

**(For Defamation)**

**(Against Defendant Nye County, Defendant Arabia and Defendant Blundo)**

134.   Plaintiff Waggoner incorporates the allegation set forth in paragraphs 1 through 133, inclusive, as if fully set forth herein.

135.   On information and belief Defendants Arabia and Blundo, on behalf of themselves and Nye County, have been stating untrue and unprivileged information about Plaintiff and his employment with Nye County.  This includes stating as part of an Ethics Complaints filed with the

Nevada Commission on Ethics on March 17, 2020 as set forth above that, among other things: (1) Waggoner didn't properly disclose to his supervisor that he was trying to obtain a an interest in a brothel (which ultimately fell through); (2) that he owns an interest in a marijuana cultivation operation; and (3) that Plaintiff attempted to extort money out of an investor by telling her that for a price he could use his influence with the County as its Director of Planning to guarantee her that she would get a license to operate a brothel.

136.    In addition, on information and belief, Defendant Blundo continues to state untrue and unprivileged information about Plaintiff and Ron Boskovich being married and alleged nepotism.  In fact Waggoner and Ron Boskovich have not been married since February 15, 2018 so no issue of nepotism could exist even if Ron Boskovich did or does get elected as County Commissioner because they are not family as they are not legally married.

137.    Defendants Arabia and Blundo, on behalf of themselves and Nye County, know this information is false and untrue, but stated it anyway to the detriment of Waggoner.

138.    The statements are defamatory *per se* because they impute that Plaintiff has committed a crime and/or impute Waggoner's lack of fitness for his trade, business, or profession, thus damages can be presumed from the statements.

139.    Further Defendants Arabia and Blundo's actions, on behalf of themselves and Nye County, has also caused Plaintiff to suffer indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

140.    In acting as they did, Defendants Arabia and Blundo, on behalf of themselves and Nye County, did knowingly, willfully, and intentionally act in conscious disregard of Plaintiff's rights.  Defendants Arabia and Blundo's conduct, on behalf of themselves and Nye County, was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and

exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

141.    Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

142.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Waggoner demands judgment against Defendant Nye County, Defendant Arabia and Defendant Blundo and as follows:

Against Defendant Nye County:

1.    For overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2.    For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

3.    For punitive damages;

4.    For attorney's fees and costs in an amount determined by the court to be reasonable;

5.    For pre-judgment interest on all damages; and

6.    For any other and further relief that the court considers proper.

Against Defendant Arabia:

7.    For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life, all to Plaintiff's damage in a sum to be shown at the time of trial;

8.    For punitive damages;

9.    For attorney's fees and costs in an amount determined by the court to be reasonable;

10.    For pre-judgment interest on all damages; and

1    11.    For any other and further relief that the Court considers proper.

2    Against Defendant Blundo:

3    12.    For compensatory damages for mental and emotional distress, worry, indignity,

4    mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life,

5    all to Plaintiff's damage in a sum to be shown at the time of trial;

6    13.    For punitive damages;

7    14.    For attorney's fees and costs in an amount determined by the court to be reasonable;

8    15.    For pre-judgment interest on all damages; and

9    16.    For any other and further relief that the Court considers proper.

10                        **DEMAND FOR JURY TRIAL**

11        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

12   jury in this action.

13

14

15        DATED: 5/27/2022              LAW OFFICES OF MICHAEL P. BALABAN

16

17                             BY: /s/ Michael P. Balaban
                                   Michael P. Balaban
18                                 LAW OFFICES OF MICHAEL P. BALABAN
                                   10726 Del Rudini Street
19                                 Las Vegas, NV  89141

20

21

22

23

24

25

26

27

28

# EXHIBIT

# "A"

# NOTICE OF RIGHT

# TO SUE



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

April 13, 2021

Mr. Brett Waggoner
c/o Michael P. Balaban, Esquire
Law Offices of Michael P. Balaban
10726 Del Rudini Street
Las Vegas, NV  89141-4216

Re:  EEOC Charge Against NYE County
       No. 34B202000605

Dear Mr. Waggoner:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Los Angeles District Office, Los Angeles, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Pamela S. Karlan
Principal Deputy Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
        Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Los Angeles District Office, EEOC
    NYE County